654 A.2d 493

ARCHIE SCHWARTZ COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF–APPELLANT, v. ALBERT & JOHN FRASSETTO DEVELOPMENT COMPANY AND ALBERT FRASSETTO, DEFENDANTS–RESPONDENTS, AND 12 GLORIA LANE LIMITED PARTNERSHIP AND GLORIA LANE INDUSTRIAL PARTNERS, L.P., DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued January 4, 1995—Decided March 3, 1995.

Before Judges BRODY, LONG and LEVY.

*James J. Cronin* argued the cause for appellant (*Clancy, Callahan & Smith*, attorneys; Mr. Cronin, on the brief).

*Darlene J. Pereksta* argued the cause for respondent (*Williams, Caliri, Miller & Ottley*, attorneys; Ms. Pereksta, on the brief).

The opinion of the court was delivered by

BRODY, P.J.A.D.

Presented with cross-motions for summary judgment, the trial judge denied plaintiff's motion and granted the motions of all defendants. Plaintiff is a real estate broker. It appeals from a portion of the resulting final judgment that defeats its claim against defendants Albert and John Frassetto Development Company and Albert Frassetto (hereafter "defendants") for a lease

commission.[1] Plaintiff claims that the commission is due under a 1979 agreement with defendants for brokering a lease of part of their commercial building to Madison Business Forms, Inc.

The underlying issue is whether the agreement requires defendants to pay a commission for a new lease entered into with the same tenant after the 10-year term of the original lease had expired.[2] The trial judge concluded that major terms of the new lease are so different from those of the original lease that plaintiff is not entitled to a commission. We reverse because despite the differences between the two leases, the agreement requires defendants to pay the commission.

The relevant portion of the agreement provides:

It is understood and agreed that in the event the tenant, its associates, affiliates, successors or assigns, renews, including month to month tenancies, and/or extends lease, or takes additional space, ... or purchases, then in that event [defendants] will pay to [plaintiff] a commission of 5% of the gross aggregate rental or gross sales price; and this commission agreement shall be in full force and binding on [defendants], [their] grantees, heirs, successors and assigns to [their] interest in the subject property.

In his letter opinion the trial judge held:

Since the subsequent lease was clearly a new lease and not an extension or a renewal of the old lease, the plaintiff is not entitled to a commission on the new lease.

The judge found as follows respecting the differences between the leases:

A comparison of the two leases show[s] that the tenant did not renew or extend its lease but rather entered into a new lease at or near the expiration of the old lease. There are many substantial and significant differences between the two leases.

---

[1] Defendant Albert & John Frassetto Development Company, a partnership, executed the lease as the landlord. Almost a year later, the partnership conveyed the property to defendant Albert Frassetto. The parties have treated the liability of both defendants as one. We will, therefore, do the same.

[2] The owners of the building at the time of the new lease were defendants 12 Gloria Lane Limited Partnership and Gloria Lane Industrial Partners, L.P. The judge granted their motion for summary judgment because they had no notice of the commission agreement between plaintiff and defendants. Plaintiff does not appeal from that adjudication.

The rented space was enlarged from 8,144 square feet to 11,870 square feet. Significant construction and tenant fit ups were to take place at a total cost of $175,000 with the tenant contributing $75,000. The rent was increased from $4.72/sq. ft. to $6.90/sq. ft. The new lease did not contain, as did the old lease, an option for the tenant to renew.[3]

The fact that under the new lease the rented space is enlarged is not a reason to deny plaintiff a commission. The commission agreement expressly provides that a commission is due if under a new lease "the tenant ... takes additional space." The parties undoubtedly foresaw that if additional space is leased, the rent would be increased. It was thus foreseen that an increase in rent would not be a reason to deny plaintiff a commission. The fact that under the new lease the landlord and tenant are obliged to make improvements to integrate the additional space with the original space was also undoubtedly foreseen. Besides, the landlord certainly took into account the cost of the improvements in arriving at the increased rent.

The trial judge erroneously focused solely on whether the new lease is an extension or renewal of the original lease, without considering that under the agreement a commission is also expressly due if additional space is leased under a new lease. That provision implies that a commission would be due if the new lease also contained other related changes.

The point is that under the agreement plaintiff's future commissions are earned not because the terms of a later lease match the terms of the original lease, but because plaintiff had produced a tenant having the valuable potential of staying beyond the original term, either as a tenant or as the purchaser of the property. The agreement expressly provides that a commission is due if the tenant purchases the property.

---

[3] The trial judge misidentified which lease included a renewal option. The original lease had none. The new lease contains options under which the tenant may renew the lease for two 5-year terms at a higher rent.

The court arrived at the same conclusion in *Dubinsky Realty, Inc. v. Vactec, Inc.*, 637 S.W.2d 190, 193 (Mo.App.1982) where it said:

> The 1975 lease states that Dubinsky Realty is entitled to commissions under that lease or "extensions or renewals" thereof whether or not the extension or renewal is made on exactly the same terms. This language is clear and unambiguous and evidences the intent of Wohl that as long as the landlord tenant relationship remained in existence between Wohl and Cartec, regardless of changes in the terms governing that relationship, Dubinsky was entitled to commissions on rent paid by Cartec to Wohl. The provision for renewal or extension on different terms indicates that the parties contemplated changes at the end of the term.

In *Dubinsky,* the commission agreement provided for the payment of commissions "on any renewal of said lease whether or not said extention [sic] or renewal is made exactly on the same terms of this lease." *Id.* at 191. Although the agreement here does not expressly state "whether or not said extension or renewal is made exactly on the same terms" as the original lease, that meaning is necessarily implied from what is expressly stated. Plaintiff's motion for summary judgment should have been granted.

Reversed and remanded for computation of the commission due plaintiff and for entry of a judgment in its favor.